**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BARRON PARTRIDGE, individually and on behalf of all other residents of the State of Alabama similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION 17-0423-WS-B** |
| **EQUIFAX, INC.,** | ) ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant Equifax, Inc.'s Unopposed Motion to Stay or for Extension of Time (doc. 5).

As grounds for the Motion, Equifax explains that this action is one of more than 200 putative class actions filed in the wake of the Equifax data security breach that became public on September 7, 2017.  At present, numerous motions for transfer and consolidation under 28 U.S.C. § 1407 involving dozens of related cases are pending before the Judicial Panel on Multidistrict Litigation, which has set oral argument on those § 1407 motions for November 30, 2017.  Equifax anticipates that, shortly thereafter, the MDL Panel will enter an order providing for the consolidation and transfer of these 200+ related actions, including the case at bar, likely in the Northern District of Georgia, where Equifax is headquartered.  Given these circumstances, Equifax seeks a temporary stay of all proceedings and deadlines in this case pending the MDL Panel's ruling as a means of conserving resources and promoting judicial economy.  Equifax indicates that plaintiff does not oppose this Motion.

 "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d

945 (1997).[1] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side."  *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted).

After review of the Motion and the court file, the undersigned agrees that the consolidation and transfer of this case by the MDL Panel is likely within the next couple of months.  The Court further agrees that staying this action pending transfer by the MDL Panel would promote the interests of efficiency and judicial economy, would conserve time and resources and avoid duplication of effort, and would not prejudice the parties in any respect.  Accordingly, the Motion for Stay is **granted**.  This action is **stayed**, and the associated deadlines for Equifax to file an answer or other responsive pleading are **suspended**, until 14 days after the MDL Panel enters a ruling on the pending § 1407 motions for consolidation and transfer in the related Equifax matters.

DONE and ORDERED this 19th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]     *See also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing court's discretion to stay pending proceedings in order to save time and effort for parties and the court).